IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JEFFREY CHARLES MANN,<br><br>    Plaintiff,<br><br>v.<br><br>LORIE DAVIS, et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§  Case No. 6:16-cv-1315-JDK-KNM<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS FORCE AND SERRALDE**

Plaintiff Jeffrey Charles Mann, a Texas Department of Criminal Justice inmate, proceeding pro se, filed this civil rights lawsuit under 42 U.S.C. § 1983 alleging violations of his constitutional rights. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On November 9, 2020, Judge Mitchell issued a Report and Recommendation recommending that Plaintiff's claims against Defendants Donna Force and Jill Serralde be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A and the pleading standards set out in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Docket No. 186. Judge Mitchell further recommended that the Court deny these Defendants' motion for summary judgment based upon exhaustion of administrative remedies (Docket No. 173) as moot. Plaintiff objected. Docket No. 198.

Where a party timely objects to the Report and Recommendation, the Court

1

reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff argues that: (1) Defendants Force and Serralde (among others) were in default and failed to comply with court orders, (2) he had not received all the discovery to which he believed he was entitled, (3) the Court did not adequately address all of his pending motions, (4) the Court has already denied a previous motion to dismiss by Force and Serralde, (5) his pleadings meet pre-*Iqbal* pleading standards set out in *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007), and (6) he was thwarted from seeking relief through the prison grievance procedure.

The Court need not consider whether Plaintiff's pleadings met the *Conley* standard because as the Magistrate Judge correctly determined, Plaintiff did not state a claim upon which relief may be granted against Force and Serralde under the current pleading standards established in *Iqbal* and *Twombly*. Although Plaintiff complains about a purported lack of discovery, the Supreme Court has made clear that the doors of discovery are not unlocked for a plaintiff armed only with conclusions. *Iqbal*, 556 U.S. at 678-79; *Micro Motion Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (5th Cir. 1989) (discovery rules are not to find out

if a party has any basis for a claim); *Russell v. Choicepoint Servs. Inc.*, 302 F.Supp.2d 654, 671 (E.D. La. 2004) (discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it (citing *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 299 (3rd Cir. 1996))). That a previous motion to dismiss was denied is irrelevant because 28 U.S.C. § 1915A specifies that a claim may be dismissed at any time if the Court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Plaintiff's remaining objections do not address the substance of the Report —namely, that Plaintiff's complaint fails to state a claim upon which relief may be granted.

Having conducted a de novo review of the Magistrate Judge's Report, Plaintiff's objections, and the record in this case, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 186) as the opinion of the District Court. Plaintiff's claims against Defendants Donna Force and Jill Serralde are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, and these Defendants are dismissed as parties to this case. Further, Defendants Force and Serralde's motion for summary judgment (Docket No. 173) is **DENIED** as moot.

The dismissal of these claims and Defendants shall have no effect upon the remaining claims and defendants in the lawsuit.

So **ORDERED** and **SIGNED** this **14th** day of **March, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE