IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY CHARLES MANN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:16-cv-1315-JDK-KNM |
| LORIE DAVIS, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeffrey Charles Mann, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court is Defendant Donald Eckersley's motion for summary judgment for failure to exhaust administrative remedies. Docket No. 170. On March 4, 2021, Judge Mitchell issued a Report recommending that the Court grant Defendant Eckersley's motion and dismiss Plaintiff's claims against him without prejudice. Docket No. 201. A copy of this Report was sent to Plaintiff, and Plaintiff received the Report on March 19, 2021. *See* Docket No. 208.

Also, on April 12, 2021, Judge Mitchell issued a Report recommending that the Court dismiss the claims against Defendant Anitra Lindley for failure to state a claim

upon which relief may be granted. Docket No. 211. A copy of this Report was sent to Plaintiff, and Plaintiff received the Report on May 24, 2021. *See* Docket No. 218.

On June 1, 2021, Judge Mitchell granted Plaintiff's request for an extension of time to file objections until July 2, 2021. Docket No. 220. On August 3, 2021, Judge Mitchell granted an additional extension of time for objections, to August 27, 2021. Docket No. 224. Judge Mitchell's order granting this second extension also specified that no further extensions would be granted except for exceptionally good cause. Nonetheless, on August 30, 2021, Plaintiff filed a third motion for extension of time. Docket No. 230. In his motion, Plaintiff asserts that he has been prejudiced by mail delays, he has not received a requested docket sheet, and his legal materials were seized by law library officials on August 24. He requests an additional five-month extension to file objections, to February 2022.

Regardless of any alleged mail delays, Plaintiff has had three to five months to file objections. Failure to receive a docket sheet should have no effect on his ability to object to the Reports. And Plaintiff alleges that law library staff took his legal materials just three days before his most-recent deadline to object. In short, Plaintiff has had more than sufficient time to formulate objections. He has failed to show good cause for a further extension because he has not shown that he acted with reasonable diligence or that his failure to meet the twice-extended deadline for objections was the result of excusable neglect. *See* Fed. R. Civ. P. 6(b); *McCarty v. Thaler*, 376 F. App'x 442 (5th Cir. 2010) (no abuse of discretion in denying prisoner's second motion

for extension of time in which to object to a magistrate judge's report). Accordingly, the Court will review the Reports without Plaintiff's objections.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period, despite two lengthy extensions of time. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Reports and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as to Defendant Eckersley's motion for summary judgment (Docket No. 201) as the findings of this Court. The Court **GRANTS**

Defendant Eckersley's motion for summary judgment (Docket No. 170) and **DISMISSES** Plaintiff's claims against Defendant Eckersley without prejudice for failure to exhaust administrative remedies.

Further, the Court hereby **ADOPTS** Report and Recommendation of the United States Magistrate Judge as to Plaintiff's claims against Defendant Lindley (Docket No. 211) as the findings of this Court. The Court hereby **DISMISSES** Plaintiff's claims against Defendant Lindley without prejudice for failure to state a claim upon which relief may be granted.

So **ORDERED** and **SIGNED** this **23rd** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE